Our File No. 202154

# IN THE FEDERAL DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMSAY PERRY<br><br>Plaintiff,<br><br>v.<br><br>CRST EXPEDITED, INC. and<br>SUZANNE MARIE BARNES<br><br>Defendants | :<br>:<br>:<br>:<br>:  DOCKET NO.<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Defendant, CRST Expedited, Inc., by and through its attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully avers as follows:

1. At all material times, Plaintiff, Ramsay Perry, was and is a citizen of the State of New Jersey, residing at 811 South Clinton Ave., Trenton, New Jersey. (See New Jersey Police Crash Investigation Report for the June 27, 2017 motor vehicle accident, attached as Exhibit "A.")

2. At all material times, defendant Suzanne Marie Barnes was and is a citizen of the State of Missouri, residing at 1608 NE 73rd Terrace, Gladstone, MO 64118. (See New Jersey Police Crash Investigation Report for the June 27, 2017 motor vehicle accident, attached as Exhibit "A.")

3. At all material times, CRST Expedited, Inc. is a corporation organized under the laws of the State of Iowa, with its principal place of business at 3930 16th Avenue SW, Cedar

{J0494966.DOCX}

Rapids, IA 52406. (See New Jersey Police Crash Investigation Report for the June 27, 2017 motor vehicle accident, attached as Exhibit "A.")

4. Plaintiff's Complaint was served on CRST Expedited, Inc. on or around June 6, 2019. (See Plaintiff's Complaint, attached as Exhibit "B.")

5. Upon information and belief, the Complaint has not been served on Suzanne Marie Barnes.

6. If a case stated by the initial pleading is removable, the defendant must file a removal petition within 30 days of its receipt through service or otherwise of said initial pleading. 28 U.S.C. § 1446(b)(1.) As removing defendant CRST Expedited, Inc. was served on or about June 6, 2019, this petition for removal is timely filed.

7. Although defendant Suzanne Marie Barnes has not been served and her consent to removal is accordingly not required pursuant to 28 U.S.C. § 1446(b)(2)(C), nevertheless through counsel herein she consents to removal.

8. Plaintiff's Complaint does not seek a specific amount of damages in its *ad damnum* clause, but the Complaint alleges that Ramsay Perry sustained:

> serious personal injuries, both internal and external, and suffered great pain, shock, mental anguish and distress, and will continue to suffer for a long time to come and has been permanently injured. The plaintiff has, in the past, and will, in the future, be required to obtain medical, hospital and nursing care and has been prevented from performing his usual duties and will be so prevented for a long time to come. (See Exhibit "B" at First Count, ¶ 4.)

9. If a Complaint does not allege a specific amount of damages, it is removable if the removal petition contains a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014.)

{J0494966.DOCX}

10. In the absence of specific allegations of injury, categories of damages plausibly establish the amount in controversy. *See Raspa v. Home Depot*, 533 F. Supp. 2d 514, 521-522 (D.N.J. 2007) (plaintiff's unopposed motion for remand was denied when the plaintiff alleged unspecified personal injuries as the result of having been bitten by a raccoon on defendants' premises.)

11. Plaintiff in the instant case filed a Complaint alleging that Ramsay Perry sustained serious and permanent injuries requiring hospitalization, treatment, medication, and causing past and future incapacity. New Jersey recognizes "permanent" injury as one of six narrowly-tailored categories of damages that are sufficiently severe to overcome the limited tort threshold, along with death, dismemberment, significant disfigurement or scarring, displaced fractures, or loss of a fetus. See N.J.S.A. 39:6A-8(a).

12. Accordingly, Plaintiff's Complaint alleges damages that establish by a preponderance of competent, admissible evidence an amount in controversy exceeding the federal jurisdictional threshold of $75,000.

13. Diversity of citizenship within the meaning of 28 U.S.C. § 1332 exists between the Plaintiff and Defendants because:

    a. Plaintiff was and is a citizen of the State of New Jersey;

    b. Defendant, Suzanne Marie Barnes was and is a citizen of the State of Missouri;

    c. Defendant, CRST Expedited, Inc. was and is a corporation organized under the laws of the State of Iowa with its principal place of business in Iowa.

14. Diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing this notice, such that defendant is entitled to removal pursuant to 28 U.S.C. § 1441, as amended, and 28 U.S.C. § 1446.

WHEREFORE, defendant, CRST Expedited, Inc., herein pray that the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Mercer County, be removed therefrom to this Honorable Court.

**SALMON RICCHEZZA SINGER & TURCHI, LLP**

By: _____
Jeffrey A. Segal, Esquire
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
(856) 842-0762
jsegal@srstlaw.com
Attorneys for Defendant,
CRST Expedited, Inc.

Dated: 6-13-19

{J0494966.DOCX}